Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BETH BERKELHAMMER,** *et al.*, <br><br>              Plaintiffs, <br><br>     v. <br><br> **AUTOMATIC DATA PROCESSING, INC.,** *et al.*, <br><br>              Defendants. | Civil Action No.: 20-5696 (ES) (JRA) <br><br> **OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiffs Beth Berkelhammer and Naomi Ruiz appeal Magistrate Judge Hammer's non-dispositive Order of July 20, 2021, denying their motion to appoint the law firm Schlichter Bogard & Denton LLP as interim class counsel. (D.E. Nos. 106 & 110). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Judge Hammer's Order is **AFFIRMED**.

**I.     BACKGROUND**

Plaintiffs bring claims of breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1001, *et seq.*, against Defendants Automatic Data Processing, Inc.; ADP TotalSource Group, Inc.; the Administrative Committee of the ADP TotalSource Retirement Savings Plan; and NFP Retirement, Inc. ("NFP"). (D.E. No. 1 ("Compl.")). As alleged in the complaint, Plaintiffs are participants and beneficiaries of the ADP TotalSource Retirement Savings Plan (the "Plan"). (*Id.* ¶ 2). Plaintiffs seek to represent a class of participants and beneficiaries of the Plan. (*Id.*).

Plaintiff McCaffree brings a parallel action, also under ERISA, against the same Defendants. (D.E. No. 1, Civ. No. 20-5492 ("McCaffree Compl.")). In that matter, McCaffree

1

seeks to represent a class of sponsors and fiduciaries of the Plan. (*Id.* ¶ 8).

On October 29, 2020, McCaffree voluntarily dismissed its claims against NFP, agreeing to mediation and, if necessary, arbitration. (D.E. No. 45, Civ. No. 20-5492). In response, albeit in this separate matter, on November 10, 2020, Plaintiffs moved to appoint Schlichter Bogard & Denton as interim class counsel under Federal Rule of Civil Procedure 23(g). (D.E. No. 70). NFP opposed the motion. (D.E. No. 71). McCaffree also opposed. (D.E. No. 49, Civ. No. 20-5492).

On June 10, 2021, in an oral ruling that decided a separate motion to compel arbitration, the Court held that Plaintiffs were bound to arbitrate their claims against NFP pursuant to the Investment Advisory Agreement's dispute resolution provision. (D.E. No. 100 ("6/10/21 Tr.") at 21:20–25). Even though Plaintiffs took no part in negotiating the agreement, the Court explained that Plaintiffs' claims were derivative of the Plan; therefore, they "st[ood] in the shoes of the [P]lan" and were subject to Plan's arbitration agreement. (*Id.*).

On July 20, 2021, Magistrate Judge Hammer heard argument on Plaintiffs' motion to appoint interim class counsel. (D.E. No. 107 ("7/20/21 Tr.")). Counsel for Plaintiffs argued that appointment of interim class counsel was necessary because McCaffree—which, according to Plaintiffs, does not share their interests—could bind them to an unfavorable settlement. (*Id.* at 8:1–15). Counsel further argued that any recovery McCaffree secures for the Plan in mediation or arbitration could preclude Plaintiffs from asserting "common claims against NFP." (*Id.* at 9:13–14). That said, counsel later conceded that an agreement between McCaffree and NFP would not bind Plaintiffs. (*Id.* at 18:18–19).

Counsel for McCaffree argued that they would act in the best interests of Plaintiffs even though they seek to represent a different class. (*Id.* at 14:5–6 & 17–19). Counsel for McCaffree further argued that if Judge Hammer appoints interim class counsel in the instant matter, they

should be considered. (*Id.* at 23:5–9).

In an oral ruling, Judge Hammer denied Plaintiffs' motion without prejudice, reasoning that there is no need for interim class counsel because the two actions are distinct. (*Id.* at 26:1–13). Although the two classes attempt to assert claims on behalf of the same Plan, Judge Hammer explained that they "seek to vindicate different interests." (*Id.* at 26:12–13). Therefore, Judge Hammer found "no dispute as to what counsel [would] be representing a particular class." (*Id.* at 25:6–9). Although Judge Hammer expressed some trepidation about the "degree of review of any mediation-based classwide settlement," he nevertheless ruled that interim class counsel was not necessary. (*Id.* at 28:8–15). Plaintiffs appeal. (D.E. No. 110).

## II. LEGAL STANDARD[1]

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a Magistrate Judge, a district court will modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A district court's review of a dispositive order is *de novo*.

"A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1958)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d

---

[1] Neither party disputes the relevant standard of review. (D.E. No. 67-1 at 8–9, Civ. No. 20-5492; D.E. No. 110 ("Appeal Br.") at 7).

3

162, 164 (D.N.J. 1998). The appealing party bears the burden of establishing that the Magistrate Judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

### III. DISCUSSION

A court may appoint interim class counsel before certifying a class. Fed. R. Civ. P. 23(g). In making this appointment, a court applies the same factors it applies to appointing class counsel. *Waudby v. Verizon Wireless, Inc.*, 248 F.R.D. 173, 175 (D.N.J. 2008). Those factors are (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions and other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Additionally, a court should be satisfied that the appointment of interim class counsel is necessary to protect the interests of the class. Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003). Appointment is proper if "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated." Manual For Complex Litigation (Fourth) § 21.11 (2004). The need for interim class counsel may arise when there is "rivalry or uncertainty" among competing firms. *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757, 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) (quoting Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003)).

After hearing argument on the matter, Judge Hammer determined that appointment of interim class counsel was not necessary. (D.E. No. 102). The Court does not perceive clear error

on this record.

As Judge Hammer noted, Plaintiffs and McCaffree seek to represent distinct classes. (7/20/21 Tr. at 26:7–8). Although both classes pursue relief that would benefit the Plan, the classes "seek to vindicate different interests." (*Id.* at 26:3 & 13). Plaintiffs admit as much. But they argue that appointment is necessary in light of those different interests, because counsel for McCaffree may not protect their interests in mediation or arbitration. (Appeal Br. at 11; 7/20/21 Tr. at 10:10–24). However, Plaintiffs' argument and Judge Hammer's findings reveal that this is not a case of rivalry between two firms seeking to represent classes bringing duplicative or overlapping claims—the type of situation contemplated by Rule 23(g). *See Beture*, 2018 WL 3159875, at *1 (quoting Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003)); Manual for Complex Litigation (Fourth) § 21.11 (2004).

Moreover, it is not clear, as Plaintiffs argue, that a settlement between NFP and McCaffree would bind them. They base this argument, in part, on the Court's previous holding that Plaintiffs were bound to arbitrate their claims against NFP in the instant matter. (6/10/21 Tr. at 21–22). The Court so held because Plaintiffs' suit is derivative of the Plan—they thus "stand[] in the shoes of the [P]lan" and are accordingly bound by the Investment Advisory Agreement's dispute resolution provision. (*Id.* at 21:20–25). Plaintiffs argue that, in light of this ruling, a court might well hold them bound by the results of arbitration between NFP and McCaffree. (Appeal Br. at 10–11). The Court cannot credit Plaintiffs' assumption.

First, Plaintiffs themselves argued to Judge Hammer that a settlement between McCaffree and NFP would not bind them. (7/20/21 Tr. at 18:19–20). This prior concession cuts against their current argument. If Plaintiffs are not bound by such a settlement, or stipulations made in negotiations, the appointment of interim class counsel to protect their interests does not appear to

be necessary.  Second, it is not clear that this situation is analogous to the one addressed in the Court's ruling compelling arbitration between Plaintiffs and NFP.  That Plaintiffs are bound to arbitrate their claims against NFP does not necessarily mean they are bound by the results of another party's arbitration with NFP.  Third, it is not clear that McCaffree is a Plan fiduciary that has standing to assert claims against NFP.  The Court recently held that McCaffree is not and hence dismissed its complaint for lack of standing.  (D.E. No. 91, Civ. No. 20-5492).  And while McCaffree has since amended its complaint (D.E. No. 96, Civ. No. 20-5492), the Court's previous ruling casts doubt on its standing.

Perhaps most importantly, even if the arbitration between NFP and McCaffree would bind Plaintiffs, either to an entire settlement or to certain factual stipulations, it is not clear that appointment of interim class counsel would do anything for them.  Plaintiffs have not identified what additional privileges they would gain through appointment.  Plaintiffs state that "as interim counsel, Schlichter Bogard & Denton would take steps to ensure that the interests of the *Berkelhammer* class are protected and not unfairly compromised." (Appeal Br. at 12).  But nowhere in the record do Plaintiffs delineate what those steps would be.  As Judge Hammer observed, Plaintiffs' counsel essentially seeks to intervene in the separate proceedings between McCaffree and NFP.  (7/20/21 Tr. at 20:25).  And it is unclear how naming interim class counsel would permit Plaintiffs to intervene—either in the McCaffree action or in McCaffree's mediation or arbitration with NFP—in a manner that is not already available to them.  Without a sufficient explanation for the requested appointment, the Court cannot say Judge Hammer committed clear error.

In light of the foregoing, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Coyle*, 2009 WL 1652399, at *3; *Dome Petroleum*, 131 F.R.D. at 65 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395).

## IV.     CONCLUSION

Judge Hammer's Order (D.E. No. 102) denying Plaintiffs' motion is **AFFIRMED**. An appropriate Order follows.

Date: August 23, 2022

Hon. Esther Salas, U.S.D.J.