UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETH BERKELHAMMER *et al.*, | Civil Action No. |
| Plaintiffs, | 20-cv-05696 (ES) (JRA) |
| v. | |
| ADP TOTALSOURCE GROUP, INC, *et al.*, | **OPINION & ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND** |
| Defendants. | |

Plaintiffs Beth Berkelhammer and Naomi Ruiz (collectively, "Plaintiffs") brought this lawsuit against Defendants ADP TotalSource Group, Inc., ADP TotalSource Retirement Savings Plan Committee, Automatic Data Processing, Inc., and NFP Retirement, Inc. (collectively, "Defendants") alleging mismanagement of the ADP TotalSource Retirement Savings Plan (the "Plan"), in violation of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et seq.* ("ERISA"). Before the Court is Defendants' Motion to Strike Plaintiffs' Jury Demand (the "Motion"). ECF No. 237. The question the Court must answer is whether the relief Plaintiffs seek under § 1132(a) entitle Plaintiffs to a jury trial under the Seventh Amendment to the United States Constitution. For the reasons that follow, the answer is no. Defendants' Motion is **GRANTED**.[1]

---

[1] The Court decides the Motion on the papers and without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b).

1

## I. BACKGROUND[2]

Plaintiffs, acting individually and as representatives of a class of participants and beneficiaries of the ADP TotalSource Retirement Savings Plan (the "Plan"), brought this action against Defendants under ERISA. *See generally* Second Am. Compl., ECF. No. 223. The Second Amended Complaint alleges nine counts of breaches of fiduciary duty: the first eight under ERISA § 502(a)(2), codified at 29 U.S.C. §1132(a)(2), and the ninth count under ERISA § 502(a)(3), codified at 29 U.S.C. §1132(a)(3).[3] *Id.* ¶¶ 328-93. The Second Amended Complaint includes a jury trial demand pursuant to Rule 38 of the Federal Rules of Civil Procedure and the United States Constitution. *Id.* ¶ 394.

Plaintiffs' claims arise from the alleged mismanagement of the Plan by the individual Defendants who, as fiduciaries, had an obligation to act solely for the exclusive benefit of the Plan. *Id.* ¶ 3. According to the Second Amended Complaint, Defendants allowed unreasonable expenses to be charged to Plan participants, paid themselves from Plan assets, retained poorly performing investments, and allowed confidential data to be used for profit. *Id.* ¶¶ 2-6. Through this action, Plaintiffs seek "to make good to the Plan all losses resulting from each breach of fiduciary duty and

---

[2] The Court assumes the parties' familiarity with the factual and procedural background of this matter given the long history of the case. Therefore, the Court includes only the factual and procedural history necessary to decide the Motion.

[3] The causes of action in the Second Amended Complaint are as follows: Count I alleges prohibited self-dealing transactions in violation of 29 U.S.C. § 1106(b); Count II alleges prohibited transactions in violation of 29 U.S.C. § 1106(a); Counts III-V allege breaches of fiduciary duty in violation of 29 U.S.C. §1104(a)(1); Count VI alleges prohibited transactions in violation of § 29 U.S.C. § 1106(a)(1); Count VII alleges breach of fiduciary duty in violation of 29 U.S.C. § 1104(a)(1); Count VIII alleges failure to monitor fiduciaries; and Count IX asserts other equitable remedies as provided under 29 U.S.C. § 1132(a)(3). *See generally* Second Am. Compl.

to restore to the Plan profits made through Defendants' use of Plan assets," as well as any other equitable relief the Court deems appropriate. *Id.* ¶ 7. On May 5, 2024, Defendants moved to strike Plaintiffs' jury demand pursuant to Rules 12(f) and 39(a) of the Federal Rules of Civil Procedure.[4] *See* ECF No. 237. On May 20, 2024, Plaintiffs submitted their opposition to the Motion, *see* ECF No. 238, and on May 28, 2024, Defendants replied to Plaintiffs' opposition, *see* ECF No. 239.

## II.   DISCUSSION

The key question before the Court is whether Plaintiffs' causes of action under ERISA entitle them to a jury trial. Generally, when a plaintiff demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure, the issues must be tried before a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment guarantees the right to a jury trial in federal civil cases where the cause of action is legal in nature. U.S. Const. amend. VII; *SEC v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024) (explaining that the term "common law" in the Seventh Amendment is "in contradistinction to equity," embracing lawsuits which are not of equity jurisdiction, and extending "to a particular statutory claim if the claim is 'legal in nature[ ]'") (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989)). Claims equitable in nature do not entitle plaintiffs to jury trials. *See Granfinanciera*, 492 U.S. at 41-42. When determining whether a claim is legal or equitable under the

---

[4] The Court notes Defendants' previous attempts to strike the jury demand, *see* ECF Nos. 178, 202, which were not addressed at previous times in the interests of judicial economy. *See* ECF Nos. 188, 220.

3

Seventh Amendment, courts consider: (1) the nature of the issues involved and (2) the remedy sought. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) ("*Chauffers*"). "The second inquiry is the more important . . . analysis." *Id.* As explained below, the claims here are equitable. Plaintiffs are not entitled to a jury trial.

By Plaintiffs' own admission, all claims were brought under § 502(a)(2), except Count IX, which is brought under § 502(a)(3). *See* ECF No. 238 at 1 n.1, 5. Plaintiffs admit that their claim under § 502(a)(3) is an equitable claim. *Id.* at 6. Thus, the main dispute between the parties is whether the claims under § 502(a)(2) entitle Plaintiffs to a jury trial.

Plaintiffs do not dispute the first prong of *Chauffeurs*–the nature of the issues involved. This is an ERISA claim for breach of fiduciary duty. That is precisely "the kind of lawsuit that, before the merger of law and equity, [Plaintiffs] could have brought only in a court of equity, not a court of law." *Williams v. Centerra Grp. LLC*, 579 F. Supp. 3d 778, 783 (D.S.C. 2023) (internal quotations omitted). The first prong weighs in favor of striking the jury demand.

The second prong requires the Court to analyze whether the remedy sought is legal or equitable. Plaintiffs' main argument is that they are seeking relief under § 502(a)(2) which allows for relief to be granted under § 1109, which, in turn, allows for legal relief. *See* ECF No. 238 at 9-12. The Third Circuit's decision in *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989), squarely rejected that argument. When interpreting the statutory language of ERISA § 502(a), the Third Circuit held that

4

"causes of action authorized by section 502(a)(3) are by its terms explicitly equitable, and we have held that there is no right to a jury trial for them." *Id.* at 636 (citing *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir.1988)). Moreover, "Section 502(a)(2) simply refers to 'appropriate relief under section 1109' and there is no reason to attribute to Congress an intention, inconsistent with the rest of Section 502(a), to authorize legal rather than equitable relief." *Id.* at 637.

In accordance with *Pane*, Plaintiffs' causes of action do not establish a right to a jury trial because they are claims of equity jurisdiction. *Pane* remains binding precedent that this Court must follow. *See Kamerman v. Prudential Ins. Co. of Am.*, No. 19-cv-07052, 2020 WL 13841328, at *3 (D.N.J. Jan. 10, 2020) (relying on *Pane* in its decision to strike jury demand); *Motor Carriers Lab. Advisory Council v. Trucking Mgmt., Inc.*, 731 F. Supp. 701, 703 (E.D. Pa. 1990) (holding there is no right to a jury trial under § 502(a)(2) because the "appropriate relief under section 1109 [409]" of ERISA is equitable in nature); *see also Alexander v. Primerica Holdings, Inc.*, 819 F. Supp. 1296, 1306 (D.N.J. 1993) (relying on *Pane* to conclude that § 502(a)(2) provides for equitable relief with no right to a trial by jury).

Plaintiffs ask the Court to disregard *Pane*'s holding, arguing that Plaintiffs are not seeking an equitable remedy but rather money damages, a classic form of legal relief that entitles them to a jury trial. ECF No. 248 at 9-12. That argument is unpersuasive. Plaintiffs request relief to hold Defendants liable for any "losses to the Plan," *e.g.,* Second Am. Compl. ¶ 334, and to "restore the Plan to the position it would have occupied but for the breaches of fiduciary duty." *Id.* at 178. Historically, equity

5

courts had the power to impose monetary remedies, sometimes called a "surcharge," for a trustee's breach of fiduciary duty, which were regarded as "exclusively equitable." *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011). The Supreme Court has clarified that "the fact that . . . relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.* at 441. This principle applies under ERISA, where "make-whole" monetary relief falls within the scope of "appropriate equitable relief," particularly when the defendant's role resembles that of a trustee. *Id.* at 442. Although *Amara* does not address the right to a jury trial under § 502(a), it is nonetheless instructive. As one court observed, "nowhere does *Amara* suggest that relief that is equitable under subsection (a)(3) might be legal under subsection (a)(2)." *Harmon v. Shell Oil Co.*, No. 3:20-cv-00021, 2023 WL 2474503, at *3 (S.D. Tex. Mar. 13, 2023). "Instead, the *Amara* Court focused more generally on the history of the equity courts and what qualifies as equitable relief." *Id.* Here, Plaintiffs' claims arise from Defendants' alleged breach of fiduciary duties, and their requested relief to "make good to the Plan all losses resulting from each breach of fiduciary duty," Second Am. Compl. at 178, and to "restore the Plan profits," *e.g.*, *id.* ¶ 334, are akin to "make-whole" monetary relief, or a "surcharge," historically awarded for a trustee's breach of duty. Such relief is equitable and does not warrant a jury trial.

      Moreover, even if Plaintiffs' reasoning for disregarding *Pane* was persuasive, this Court cannot abandon Third Circuit precedent. The Third Circuit "steadfastly appl[ies] the *Agostini* [*v. Felton*] doctrine," which requires lower courts to avoid

6

overruling older Supreme Court precedents "by implication." *United States v. Extreme Assocs., Inc.*, 431 F.3d 150, 155-56 (3d Cir. 2005). The same is true for Third Circuit precedent. *See United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001) ("[O]ur prior decision . . . remains the law of this circuit, and we are bound to respect it, absent an en banc consideration."). Nothing in Plaintiffs' argument convinces this Court that the decision in *Pane* has been overturned.

The Supreme Court precedent addressing ERISA that Plaintiffs cite do not disturb this finding for two reasons. First, none of those cases address the right to a jury trial under § 502(a). *See generally* ECF No. 238 (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993); *Great West v. Knudson*, 534 U.S. 204 (2002); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006); *Montanile v. Bd. of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136 (2016); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000); and *US Airways, Inc. v. McCutchen*, 569 U.S. 88 (2013)). Second, almost all the cases that Plaintiffs rely on preceded *Amara*, in which, as discussed above, the Supreme Court clarified that relief in the form of money can still be considered equitable relief. Thus *Amara,* which considered most of the cases Plaintiffs cite, is most instructive. *See Amara*, 563 U.S. at 438-42 (citing to *Great West*, *Sereboff*, *Mertens*, and *Varity Corp*). And the two Supreme Court case that Plaintiffs rely on that postdate *Amara*–*Montanile* and *McCutchen*–do not address beneficiaries' claims against fiduciaries, which historically were subject to relief in courts of equity. *See Williams*, 579 F. Supp. 3d

7

at 784 (distinguishing *Mertens*, *Great-West*, and *Montanile* as inapplicable because those cases, unlike *Amara*, involved ERISA claims against non-fiduciaries, and therefore, did not "supplant[ ] well-established precedent [in the 4th Circuit] that the Plaintiffs' claims [under 502(a)(2)] are equitable in nature.").

Nor does the line of cases from the Second Circuit compel the Court to conclude that Plaintiffs have a right to a jury trial. Those cases cannot override the Third Circuit's binding precedent that actions under § 502(a) are not entitled to jury trials. *See Pane*, 868 F.2d at 637 (concluding "that the trial court did not err in striking Pane's demand for a jury trial on his section 502(a)[(2)] ERISA claims.").

Finally, because one or more parties do not consent to a trial before the Magistrate Judge, I will not address Plaintiffs' request to impanel an advisory jury. *See* Amended Joint Discovery Plan ¶ 16, ECF No. 37. That decision is better suited for the District Judge who will be conducting the trial.

### III. CONCLUSION

In light of the foregoing, I hereby **GRANT** Defendants' Motion (**ECF No. 237**) and strike Plaintiffs' jury demand.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: December 26, 2024
 Orig: Clerk of the Court
 cc:   Counsel of Record
       The Honorable Esther Salas, U.S.D.J.

8